IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GLORIA BALLARD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. |
| | ) |
| FIDELITY NATIONAL FINANCIAL | ) Plaintiff Demands a |
| INC. d/b/a CHICAGO TITLE | ) Trial by Jury |
| INSURANCE COMPANY, an | ) |
| Illinois Corporation. | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

Now comes the plaintiff, Gloria Ballard, by and through her attorneys, Favaro & Gorman, Ltd., and for her Complaint against the defendant, Fidelity National Financial Inc. d/b/a Chicago Title Insurance Company, states and alleges as follows:

### PARTIES

1. Plaintiff, Gloria Ballard (hereinafter "Ballard") is a female African American residing Oak Park, Cook County, Illinois.

2. Defendant, Fidelity National Financial, Inc. d/b/a Chicago Title Insurance Company (hereinafter "Fidelity National") is an Illinois corporation qualified to do business in the State of Illinois; and with an office located in Arlington Heights, Cook County, Illinois.

3. At all times relevant hereto, Fidelity National was Ballard's "employer" as the term is defined in Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000(e).

## JURISDICTION AND VENUE

4. This action arises and jurisdiction of this Court is pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000(e) as amended by the Civil Rights Act of 1991 and 42 U.S.C. §1981, and 28 U.S.C. §1331.

5. Venue is proper in the Northern District of Illinois, Eastern Division pursuant to 28 U.S.C. §1331(c) and 42 U.S.C. §2000(e)(5)(f)(3).

## PROCEDURAL POSTURE

6. On or about August 6, 2008, Ballard filed a charge of discrimination with the Illinois Department of Human Rights and the Equal Employment Opportunity Commission alleging discrimination based on race and gender, female. A copy of said charge of discrimination is attached hereto as Exhibit "A" and made a part hereof.

7. On or about November 6, 2009, Ballard received her Notice of Right to Sue from the Equal Employment Opportunity Commission. A copy of the Notice of Right to Sue is attached hereto as Exhibit "B" and made a part hereof.

8. Ballard has met all procedural prerequisites to bringing this suit.

## GENERAL ALLEGATIONS

9. Ballard was employed Fidelity National from August 16, 2001 until June 26, 2008; initially in the role of Underwriting Attorney.

10. In or around 2004, Ballard was promoted to Associate Regional Counsel.

11. At all times relevant hereto, Ballard reported to Carol Merz (a white female) who held the position of NSC Operations Manager.

12. At all times relevant hereto, Ballard performed her duties and responsibilities of her position in a manner which met the reasonable expectations of the Fidelity National.

13. On June 26, 2008, Carol Merz informed Ballard that she was terminated effective immediately.

14. Fidelity National's documentation indicates that Ballard's termination was due to lack of work.

15. At the time of Ballard's termination, she was working approximately twelve (12) hour days and was very busy.

16. Fidelity National's reason for termination is a pretext for its illegal actions.

## COUNT I

## (DISCRIMINATION BASED ON RACE – TITLE VII)

Ballard restates and realleges paragraphs 1 through 16 as though fully set forth herein.

17. Other similarly-situated, non-African American employees were not subjected to the same terms and conditions of employment as Ballard; and were not terminated.

18. Fidelity National's employees, Jerry Beatty and Rick Story (both Caucasian) were similarly situated as Ballard and were not terminated.

19. Ballard had more seniority and experience as Beatty and Story.

20. Ballard's termination was because of her race (African American) and in violation of Title VII.

3

21. As a result of Fidelity National's actions, Ballard has suffered and will continue to suffer irreparable injury caused by Fidelity National's conduct including but not limited to: extreme emotional distress and mental anguish, lost wages and humiliation.

Wherefore, plaintiff, Gloria Ballard, respectfully invokes the remedial powers of this Court as provided in Title VII and prays for the following:

a. The actions of Fidelity National be declared in violation of applicable laws (Title VII);

b. The Court enter an Order enjoining and permanently restraining these violations of Title VII and its amendments;

c. Fidelity National be ordered to compensate, reimburse, and Ballard whole for any benefits she would have received had it not been for Fidelity National's illegal actions including but not limited to backpay and frontpay;

d. An Order be entered that Fidelity National pay an award to compensate Ballard for her pain and suffering and for the humiliation caused by Fidelity National for the unlawful treatment in an amount to be determined at trial;

e. An award be entered ordering Fidelity National to pay Ballard's costs and expenses in this action and award Ballard reasonable attorneys' fees under Title VII;

f. This Court grant such additional and equitable relief as is just and proper.

## COUNT II

## (DISCRIMINATION BASED ON RACE – TITLE VII – PUNITIVE DAMAGES)

Ballard restates and realleges paragraphs 1 through 21 as though fully set forth herein

22. Fidelity National intentionally, willfully and wantonly and with a knowing and/or reckless indifference to Ballard's rights discriminated against Ballard because of her race and terminating her employment with Fidelity National.

Wherefore, plaintiff, Gloria Ballard, respectfully invokes the remedial powers of this Court as provided in Title VII and prays for the following:

- a. The actions of Fidelity National be declared in violation of applicable laws (Title VII);

- b. The Court enter an Order enjoining and permanently restraining these violations of Title VII and its amendments;

- c. Fidelity National be ordered to compensate, reimburse, and Ballard whole for any benefits she would have received had it not been for Fidelity National's illegal actions including but not limited to backpay and frontpay;

- d. An Order be entered that Fidelity National pay an award to compensate Ballard for her pain and suffering and for the humiliation caused by Fidelity National for the unlawful treatment in an amount to be determined at trial;

- e. An award be entered ordering Fidelity National to pay Ballard's costs and expenses in this action and award Ballard reasonable attorneys' fees under Title VII;

- f. An award of punitive damages in an amount to be determined;

- g. This Court grant such additional and equitable relief as is just and proper.

## COUNT III

## (DISCRIMINATION BASED ON GENDER – TITLE VII)

Ballard restates and realleges paragraphs 1 through 16 as though fully set forth herein.

23. Other similarly situated male employees were not subjected to the same terms and conditions of employment as Ballard; and thus, were not terminated.

24. Fidelity National's employees, Jerry Beatty and Rick Story, both male, were similarily situated as Ballard and were not terminated.

25. Ballard had more seniority and experience than Beatty Story.

26. Ballard's termination was because of her gender, female, and in violation of Title VII.

27. As a result of Fidelity National's actions, Ballard has suffered and will continue to suffer irreparable injury caused by Fidelity National's conduct including but not limited to: extreme emotional distress and mental anguish, lost wages and humiliation.

Wherefore, plaintiff, Gloria Ballard, respectfully invokes the remedial powers of this Court as provided in Title VII and prays for the following:

    a. The actions of Fidelity National be declared in violation of applicable laws (Title VII);

    b. The Court enter an Order enjoining and permanently restraining these violations of Title VII and its amendments;

    c. Fidelity National be ordered to compensate, reimburse, and Ballard whole for any benefits she would have received had it not been for Fidelity National's illegal actions including but not limited to backpay and frontpay;

6

d. An Order be entered that Fidelity National pay an award to compensate Ballard for her pain and suffering and for the humiliation caused by Fidelity National for the unlawful treatment in an amount to be determined at trial;

e. An award be entered ordering Fidelity National to pay Ballard's costs and expenses in this action and award Ballard reasonable attorneys' fees under Title VII;

f. An award of punitive damages in an amount to be determined;

g. This Court grant such additional and equitable relief as is just and proper.

## COUNT IV

## (DISCRIMINATION BASED ON GENDER – TITLE VII – PUNITIVE DAMAGES)

Ballard restates and realleges paragraphs 1 through 16 and paragraphs 23 through 27 as though fully set forth herein.

28. Fidelity National intentionally, willfully and wantonly and with a knowing and/or reckless indifference to Ballard's rights discriminated against Ballard because of her gender and terminating her employment with Fidelity National.

Wherefore, plaintiff, Gloria Ballard, respectfully invokes the remedial powers of this Court as provided in Title VII and prays for the following:

a. The actions of Fidelity National be declared in violation of applicable laws (Title VII);

b. The Court enter an Order enjoining and permanently restraining these violations of Title VII and its amendments;

c. Fidelity National be ordered to compensate, reimburse, and Ballard whole for any benefits she would have received had it not been for Fidelity National's illegal actions including but not limited to backpay and frontpay;

7

d. An Order be entered that Fidelity National pay an award to compensate Ballard for her pain and suffering and for the humiliation caused by Fidelity National for the unlawful treatment in an amount to be determined at trial;

e. An award be entered ordering Fidelity National to pay Ballard's costs and expenses in this action and award Ballard reasonable attorneys' fees under Title VII;

f. An award of punitive damages in an amount to be determined;

g. This Court grant such additional and equitable relief as is just and proper.

## COUNT V

### (RACE DISCRIMINATION - §1981)

Ballard restates and realleges paragraphs 1 through 16 as though fully set forth herein.

29. Other similarly-situated non-African American employees were not subjected to the same terms and conditions of employment as Ballard.

30. The aforementioned actions violate §1981,

31. As a result of Fidelity National's actions, Ballard has suffered and will continue to suffer irreparable injury caused by Fidelity National's conduct including but not limited to: extreme emotional distress and mental anguish, lost wages and humiliation.

Wherefore, plaintiff, Gloria Ballard, respectfully requests this Court enter judgment in her favor and for the following relief:

a. Declare the actions complained of herein to be in violation of applicable laws (§1981);

b. Fidelity National be ordered to reinstate Ballard to her former position or to a comparable position with respect to pay, benefits and other responsibilities, or if Fidelity National cannot reinstate Ballard, to compensate her with frontpay and reimbursement of all lost employee benefits;

c. Fidelity National be ordered to make Ballard whole by paying her lost backpay and employee benefits;

d. Fidelity National be ordered to compensate Ballard for her pain, suffering and humiliation that she suffered as a result of Fidelity National's illegal actions;

e. Ballard be awarded the costs of this suit, reasonable attorneys' fees, expert witness fees, if any;

g. For such other and further relief as this Court may deem just and proper.

## COUNT VI

## (RACE DISCRIMINATION - §1981 – PUNITIVE DAMAGES)

Ballard restates and realleges paragraphs 1 through 16 and paragraphs 29 through 31 as though fully set forth herein.

32. Fidelity National intentionally, willfully and wantonly and with a knowing and/or reckless indifference to Ballard's rights discriminated against Ballard because of her race and terminating her employment with Fidelity National.

Wherefore, plaintiff, Gloria Ballard, respectfully requests this Court enter judgment in her favor and for the following relief:

a. Declare the actions complained of herein to be in violation of applicable laws (§1981);

b. Fidelity National be ordered to reinstate Ballard to her former position or to a comparable position with respect to pay, benefits and other responsibilities, or if Fidelity National cannot reinstate Ballard, to compensate her with frontpay and reimbursement of all lost employee benefits;

9

c. Fidelity National be ordered to make Ballard whole by paying her lost backpay and employee benefits;

d. Fidelity National be ordered to compensate Ballard for her pain, suffering and humiliation that she suffered as a result of Fidelity National's illegal actions;

e. Ballard be awarded the costs of this suit, reasonable attorneys' fees, expert witness fees, if any;

f. An award of punitive damages in an amount to be determined;

g. For such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Ballard requests and demands a trial by jury on all counts properly submissible to a jury.

/s Dennis R. Favaro

Dennis R. Favaro
Patrick J. Gorman
Andrew H. Haber
Susan R. Bauer
Favaro & Gorman, Ltd.
835 Sterling Avenue
Suite 100
Palatine, Illinois 60067
(847) 934-0060
(847) 934-6899

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974: See Privacy act statement before completing this form.<br>#09W0805-17 | AGENCY<br>☒ IDHR<br>☐ EEOC | CHARGE NUMBER<br>2009CF0317 |
|---|---|---|

## Illinois Department of Human Rights and EEOC

| NAME (indicate Mr. Ms. Mrs.)<br>Mrs. Gloria J. Ballard | | HOME TELEPHONE (include area code)<br>(708) 386-4613 | |
|---|---|---|---|
| STREET ADDRESS<br>240 S. Ridgeland | CITY, STATE AND ZIP CODE<br>Oak Park, Illinois 60302 | DATE OF BIRTH<br>Redacted | |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (IF MORE THAN ONE LIST BELOW)

| NAME<br>Fidelity National Financial, Incorporated dba Chicago Title Insurance Company | NUMBER OF EMPLOYEES, MEMBERS 15+ | TELEPHONE (Include area code)<br>(847) 758-4747 | |
|---|---|---|---|
| STREET ADDRESS<br>85 West Algonquin Road | CITY, STATE AND ZIP CODE<br>Arlington Heights, Illinois 60005 | | COUNTY<br>Cook (031) |

| CAUSE OF DISCRIMINATION BASED ON:<br>Race      Sex | DATE OF DISCRIMINATION<br>EARLIEST (ADEA/EPA) LATEST (ALL)<br>06/26/08<br>☐ CONTINUING ACTION |
|---|---|

THE PARTICULARS ARE (if additional space is needed attach extra sheets)

I. A. ISSUE/BASIS

   DISCHARGE, ON OR ABOUT JUNE 26, 2008, BECAUSE OF MY RACE, BLACK.

   B. PRIMA FACIE ALLEGATIONS

   1. My race is black.

   2. I have satisfactorily performed my duties as an Underwriter/Attorney for Respondent, and have been employed with Respondent since August, 2001.

(Continued)

---

I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

SUBSCRIBED AND SWORN TO BEFORE ME

THIS 6th DAY OF August, 2008

NOTARY SIGNATURE

EXHIBIT A

OFFICIAL SEAL
KRYSTAL ROGERS
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:11/16/10
NOTARY SEAL

X [signature] 8/6/08
SIGNATURE OF COMPLAINANT    DATE

I declare under penalty that the foregoing is true and correct I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief

Charge Number: 2009CF0317
Complainant:    Gloria J. Ballard
Page 2

3. On or about June 26, 2008, I was discharged by Carol Merz (white), Respondent's NSC Section Manager. Merz's documentation states that I was being discharged due to a lack of work.

4. I believe that there are other, similarly situated non-black underwriter/attorneys, such as Jerry Beatty and others, who have levels of work performance and seniority similar to mine, who were not laid off due to a lack of work as I was.

II. A. ISSUE/BASIS

DISCHARGE, ON OR ABOUT JUNE 26, 2008, BECAUSE OF MY SEX, FEMALE.

B. PRIMA FACIE ALLEGATIONS

1. My sex is female.

2. I have satisfactorily performed my duties as an Underwriter/Attorney for Respondent, and have been employed with Respondent since August, 2001.

3. On or about June 26, 2008, I was discharged by Carol Merz (female), Respondent's NSC Section Manager. Merz's documentation states that I was being discharged due to a lack of work.

4. I believe that there are other, similarly situated male underwriter/attorneys, such as Jerry Beatty and others, who have levels of work performance and seniority similar to mine, who were not laid off due to a lack of work as I was.

ACF/JJT/RCG

EEOC Form 161-B (3/98)  **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

To: Gloria J. Ballard  
240 S Ridgeland  
Oak Park, IL 60302

From: Chicago District Office  
500 West Madison St  
Suite 2000  
Chicago, IL 60661

CERTIFIED MAIL 7001 0320 0005 8565 5076

[ ] On behalf of person(s) aggrieved whose identity is  
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 21B-2008-02727 | Armernola P. Smith, State & Local Coordinator | (312) 886-5973 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*John P. Rowe/myh*  11-06-2009

John P. Rowe,  
District Director  

(Date Mailed)

Enclosures(s)

cc: **FIDELITY NATIONAL FINANCIAL**  
85 W Algonquin Rd  
Arlington Heights, IL 60005

**EXHIBIT B**